IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR CEBALLOS and<br>CARMEN SALGADO BARAHONA,<br><br>*Plaintiffs,*<br><br>V.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>**Civil Action No. _____**<br>**(Jury Demanded)** |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Plaintiffs, Hector Ceballos and Carmen Salgado Barahona, and file this Original Complaint against The United States of America ("United States" or "Defendant"), and would show the Court the following:

## PARTIES

1.      Plaintiff Hector Ceballos is an individual who resides in Conroe, Montgomery County, Texas.

2.      Plaintiff Carmen Salgado Barahona is an individual who resides in Conroe, Montgomery County, Texas.

3.      Defendant The United States of America is a proper defendant under the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671. The United States is sued for the property damage and personal injuries of Plaintiffs Hector Ceballos and Carmen Salgado Barahona, caused by the wrongful acts or omissions of an employee of the United States Postal Service. The employee was acting within the scope of his employment under circumstances where the United States, if a private person, would

be liable to Plaintiffs in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b).

4.    The United States of America may be served with process by serving a copy of the Summons and Complaint to Attorney Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, by certified mail, return receipt requested at his office:

> The United States Attorney's Office
> ATTN: Civil Process Clerk
> 1000 Louisiana Street, Suite 2300
> Houston, Texas 77002

5.    A copy of the Summons and Complaint shall also be served on Thomas J. Marshall, General Counsel and Executive Vice President of the United States Postal Service, by certified mail, return receipt requested at:

> 475 L'Enfant Plaza SW
> Washington, DC 20260-1100

6.    A copy of the Summons and Complaint shall also be served on Todd Blancher, Acting Attorney General of the United States, by certified mail, return receipt requested at:

> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

## JURISDICTION & VENUE

7.    This Federal District Court has jurisdiction because this action is brought under 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

8.      Venue is proper in this district under 28 U.S.C. § 1402(b) because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

9.      The substantive law of the State of Texas applies to this lawsuit because the acts or omissions complained of in this Complaint occurred in Texas. *See* 28 U.S.C. § 1346(b)(1).

## JURISDICTIONAL CONDITIONS PRECEDENT

10.      Under 28 U.S.C. §§ 2672 and 2675(a), the claims set forth in this Complaint have met all jurisdictional prerequisites, including timely administrative presentment.

11.      Plaintiff Hector Ceballos presented his administrative claim to the proper federal agency, the United States Postal Service, on or about February 2, 2025, which was assigned Claim Number 770-25-00655934A.

12.      Plaintiff Carmen Barahona presented her administrative claim to the proper federal agency, the United States Postal Service, on or about February 9, 2025, which was assigned Claim Number 770-25-00655934B.

13.      More than six (6) months have passed since the claims were presented to the United States Postal Service, and the agency has not made a final disposition of the claims. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs may, at their option, deem the agency's failure to make final disposition of their claims within six months as a final denial for purposes of filing suit.

14.      Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to filing suit against the United States of America.

## FEDERAL TORT CLAIMS ACT

15.    The negligent acts or omissions of an employee of Defendant, through its department, The United States Postal Service ("USPS"), acting within the employee's course and scope of his employment for Defendant, proximately caused the automobile collision made the basis of Plaintiffs' claims and Plaintiffs' damages.

16.    Specifically, Kenneth L. Haskett ("Haskett"), an individual who was at all times material an employee of the United States, and was acting within the course and scope of his employment for the United States, had a duty to exercise ordinary care to reasonably and prudently operate the vehicle he was driving and that was owned by or under the actual control of the Defendant.

17.    Under the laws of the State of Texas, a private person would be liable to Plaintiffs for this act or omission. In accordance with 28 U.S.C. § 1346(b), the United States is liable to Plaintiffs for Plaintiffs' damages for the property damage and personal injuries described below.

## FACTUAL ALLEGATIONS

18.    On or about January 10, 2025, at approximately 10:48 a.m., Plaintiff Hector Ceballos was operating his 2008 Pontiac G6 in the parking lot of the Jack in the Box restaurant located at 1250 Lake Woodlands Drive, The Woodlands, Montgomery County, Texas. Plaintiff Carmen Barahona was a passenger in the vehicle. Plaintiffs' vehicle was lawfully stopped in the drive-thru lane of the restaurant, waiting for the vehicle ahead of them to advance.

19.    At the same time and place, Defendant's employee, Kenneth L. Haskett, was operating a United States Postal Service vehicle—a Mercedes-Benz Metris—within the same parking lot. The USPS vehicle had been pulled forward into a parking stall and was being backed out of the parking stall.

20.    Without keeping a proper lookout and without ensuring that the way behind him was clear, Haskett negligently backed the USPS vehicle into Plaintiffs' stationary vehicle. The left rear of the USPS vehicle struck the right front quarter panel of Plaintiffs' 2008 Pontiac G6.

21.    Haskett did not exercise reasonable care in operating the USPS vehicle. Haskett failed to keep a proper and safe lookout before and during the reverse movement of the vehicle, failed to maintain a proper and safe speed, failed to yield the right-of-way to Plaintiffs' vehicle, and failed to follow applicable traffic safety laws and rules. All these failures to exercise reasonable care, individually and collectively, proximately caused the collision in question that resulted in property damage and personal injuries to Plaintiffs.

22.    At all times relevant herein, Haskett was an employee of, and in the course and scope of his employment with, the USPS. The USPS vehicle Haskett was operating was owned by the United States Postal Service.

23.    The property damage and personal injuries and resulting damages of Plaintiffs were proximately caused by the tortious and wrongful acts or omissions of employees or agents of the United States of America working for the United States Postal Service, while acting within the scope of their office, employment, or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

### <u>CAUSE OF ACTION — NEGLIGENCE</u>

24.    Defendant's employee had a duty to exercise the degree of care that a person of reasonable and ordinary prudence would have exercised to avoid harm to others under the same or similar circumstances as those described herein.

25.     Plaintiffs' injuries and damages were proximately caused by Defendant's employee's negligent, careless, and reckless disregard of said duty while in the course and scope of his employment with the United States, including, but not limited to the following acts and omissions:

(a)     Negligence per se for operating a motor vehicle in reverse when such movement could not be made safely in violation of Tex. Transp. Code § 545.415;

(b)     Negligence per se for operating the vehicle at a speed greater than reasonable under the circumstances and failing to control the vehicle's speed as necessary to avoid colliding with another vehicle, person, or object on or near the roadway in violation of Tex. Transp. Code § 545.351;

(c)     Negligence for failing to keep a proper and safe lookout that would have been maintained or exercised by a person of ordinary prudence under the same or similar circumstances;

(d)     Negligence for failing to maintain a proper and safe speed that would have been maintained or exercised by a person of ordinary prudence under the same or similar circumstances;

(e)     Negligence for failing to yield the right-of-way to Plaintiffs' vehicle that would have been yielded by a person of ordinary prudence under the same or similar circumstances;

(f)     Negligence for failing to maintain proper and safe control of the vehicle that would have been maintained or exercised by a person of ordinary prudence under the same or similar circumstances; and

(g)     Negligence for backing the vehicle when the movement could not be made with safety and without interference with other traffic, in violation of established standards of ordinary care.

## DAMAGES

26.     As a direct and proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries and damages, which would not have otherwise occurred. As a result of the collision, Plaintiff Hector Ceballos sustained multiple disc herniations in his cervical and lumbar spine that necessitated physical therapy, chiropractic treatment, and epidural steroid injections, as well as property damage to his 2008 Pontiac G6. Plaintiff Carmen Barahona sustained multiple disc herniations in her cervical spine that necessitated physical therapy and chiropractic treatment.

27.　Plaintiffs plead for all damages available under Texas state law, federal law, and equity including, but not limited to:

(a)　Past and future physical pain;

(b)　Past and future mental anguish;

(c)　Past and future physical disfigurement;

(d)　Past and future physical impairment;

(e)　Past and future reasonable charges necessary for medical care, hospitalization, rehabilitation services, custodial care, supplies, medical equipment, medications, nursing, and attendant care, and other health care treatment and expenses;

(f)　Past and future lost earnings, and earning capacity;

(g)　Past and future loss of household services;

(h)　Property damage to Plaintiff Hector Ceballos's 2008 Pontiac G6, including the reasonable cost of repair, diminution in value, and related expenses;

(i)　Out-of-pocket expenses; and

(j)　All other damages to which Plaintiffs are entitled by law and equity.

28.　Further, Plaintiffs seek post-judgment interest and the costs of prosecuting this claim. Plaintiffs do not seek punitive damages or pre-judgment interest.

29.　In accordance with 28 U.S.C. § 2675(b), the damages sought by Plaintiffs in this suit do not exceed the sum certain amounts presented in their administrative claims to the United States Postal Service.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendant be cited in terms of law to appear and answer herein; that Plaintiffs have judgment against Defendant, for the amount of actual damages, and all other damages under applicable federal and state law to which they are entitled; for post-judgment interest at the applicable legal rate; for all recoverable Court costs incurred in this litigation; and for such other and further relief, to which Plaintiffs may show themselves entitled.

Respectfully submitted,

**The Ghezzi Law Firm PLLC**

By: /s/ John W. Ghezzi
John W. Ghezzi
Texas Bar No. 00792531
SD Bar No.18164
32731 Egypt Lane, Suite 704
Magnolia, Texas  77354
Tel: (281) 259-4993
Fax:(832) 645-7612
Email: john@ghezzilawfirm.com

ATTORNEY IN CHARGE FOR
PLAINTIFFS